[Cite as *State v. Estes*, 2015-Ohio-3835.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-02-009 |
| | : | O P I N I O N |
| - vs - | | 9/21/2015 |
| | : | |
| JOSHUA P. ESTES, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 11 CR 10806


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Joshua P. Estes, #A666506, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036, defendant-appellant, pro se


**PIPER, P.J.**

{¶ 1}  Defendant-appellant, Joshua Estes, appeals his 20-year sentence in the Preble County Court of Common Pleas for voluntary manslaughter and other related crimes.

{¶ 2}  In 2011, Estes stabbed Terence Grigg to death and set fire to Grigg's house to cover the crime.  Grigg's body was burned as a result of the fire.  Estes later admitted his crimes to police, and he was charged with murder, aggravated arson, tampering with

evidence, and gross abuse of a corpse. Estes entered a guilty plea to a reduced charge of voluntary manslaughter, as well as to the original charges of aggravated arson, tampering with evidence, and gross abuse of a corpse. The trial court sentenced Estes to an agreed sentence of 20 years as part of the plea bargain reached between the state and Estes.

{¶ 3} Estes appealed his convictions and sentence, claiming that the trial court failed to merge the charges as allied offenses. This court affirmed Estes' convictions and sentence, finding that none of the crimes were allied offenses of similar import. *State v. Estes*, 12th Dist. Preble No. CA2013-04-001, 2014-Ohio-767. Estes then filed a "Motion to Correct Void and/or Incomplete Judgement" in the trial court. Estes argued that the trial court's judgment entry of conviction was ambiguous and that the entry failed to specify the crimes for which he had been convicted. The trial court denied Estes' motion, finding that its judgment entry clearly listed the offenses for which Estes pled guilty and had been convicted.

{¶ 4} Estes now appeals the trial court's decision, raising a single assignment of error. However, Estes does not argue that the trial court's entry was ambiguous, and instead argues that the trial court erred in ordering him to serve time on the charges that did not include mandatory prison time.

{¶ 5} We find that Estes' argument is barred by res judicata, and that Estes is not permitted to appeal his agreed sentence.[1] According to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except a direct appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10.

---

1. Even if this court were to ignore the procedural issues, Estes' argument lacks legal merit because the trial court has discretion to sentence a defendant even when a prison term is not mandated by statute.

**{¶ 6}** The record is clear that Estes was represented by counsel at the trial and appellate phase. However, Estes never argued to the trial court that it erred in sentencing him on charges that did not carry mandatory prison time. Nor did Estes argue on appeal that his sentence was invalid because of the nonmandatory nature of the sentence. On appeal, the only issue Estes raised was in regard to allied offenses, so that his current argument regarding the nonmandatory nature of his sentence is barred by res judicata.

**{¶ 7}** Moreover, the record is clear that the state and Estes agreed to a 20-year sentence as part of the plea negotiations. An agreed-upon sentence may not be appealed if both the defendant and the state agree to the sentence, the trial court imposes the agreed sentence, and the sentence is authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16; R.C. 2953.08(D)(1).

**{¶ 8}** All three conditions set forth in *Underwood* are present in the current case. The state and Estes agreed to the 20-year sentence, such was imposed by the trial court, and each of the sentences were within the statutory range for the felonies committed by Estes. As such, Estes is not permitted to argue on appeal that he should not have received prison time for some of his crimes when he clearly agreed to the aggregate prison sentence as part of his plea.[2]

**{¶ 9}** Having found that Estes' appeal is barred by res judicata and that he cannot appeal the nonmandatory nature of his sentence, Estes' single assignment of error is overruled.

**{¶ 10}** Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.

---

2. The *Underwood* court held that an appellant can argue that an agreed sentence is invalid if the challenge raises an allied offense argument. 2010-Ohio-1. For this reason, Estes' prior appeal was valid.