[Cite as *State v. Coomer*, 2015-Ohio-4654.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-06-011 |
| | : | O P I N I O N |
| - vs - | | 11/9/2015 |
| | : | |
| LARRY COOMER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2009-5166


Richard W. Moyer, 103 East Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Larry Coomer, #A615201, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, defendant-appellant, pro se


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Larry Coomer, appeals a decision of the Clinton County Court of Common Pleas denying his request to withdraw his guilty plea.[1]

{¶ 2} After serving approximately 14 years in prison for the attempted aggravated

---

1. We note that, once again, the Clinton County prosecutor has failed to file a brief in this case. Pursuant to App.R. 18(C), this court may accept Coomer's statement of the facts and issues as correct and reverse the judgment if Coomer's brief reasonably appears to sustain such action. Additionally, and pursuant to Loc.R. 6(A), we remove this case from the accelerated calendar for the purposes of issuing this written decision.

murder of his wife, Coomer was released. Several years later, Coomer lured his wife to his home, cut her chest with a knife, beat her, and threatened to kill her. Coomer was charged with multiple crimes, and incarcerated while awaiting trial. During his time in jail, Coomer was charged with intimidation and violating a protection order after he sent word through a third party threatening the lives of his wife and daughter should he receive more than five years in prison for the assault charges. Coomer eventually pled guilty to felonious assault and violation of a protection order during the commission of a felony. In exchange, the state dismissed the other charges.

{¶ 3} The trial court sentenced Coomer to ten years in prison, and Coomer appealed that sentence. In his direct appeal, Coomer claimed that the trial court had been biased because it called him a psychopath during the sentencing hearing. This court affirmed, finding the sentence proper despite the trial court's inopportune word choice. *State v. Coomer*, 12th Dist. Clinton Nos. CA2009-09-016 and CA2009-09-017, 2010-Ohio-3474. Five years into his ten-year sentence, Coomer moved for judicial release, which was denied. Coomer then filed a motion to withdraw his guilty plea, as well as a motion to vacate an unlawful conviction and sentence, which were denied.

{¶ 4} Coomer now appeals, pro se, the trial court's decision. Essentially, Coomer argues that he should be permitted to withdraw his plea because he was wrongly convicted and sentenced for a felony when the violation of the protection order should have been charged and sentenced as a misdemeanor. Coomer also asserts that his trial counsel was ineffective for not recognizing that the violation of a protection order charge was not a felony. We find that Coomer's arguments are meritless and further barred by res judicata.

{¶ 5} According to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except a direct appeal from judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Estes*, 12th Dist. Preble No. CA2015-02-009, 2015-Ohio-3835, ¶ 5. Ohio case law clearly establishes that claims submitted in support of a motion to withdraw a guilty plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 12.

{¶ 6} In this case, Coomer's arguments as to why he should be permitted to withdraw his guilty plea stem from this initial sentence and his counsel's performance at that time. Specifically, Coomer argues that his felony conviction for violation of a protection order should have been a misdemeanor and that his trial counsel was ineffective for allowing him to plead guilty to a felony charge. Because these arguments could have been raised in his direct appeal, we find that Coomer's claims are now barred by res judicata.

{¶ 7} Moreover, and even if res judicata was inapplicable, Coomer's argument in his motion to vacate a void sentence that he was improperly charged with, convicted of, and sentenced for a felony instead of a misdemeanor would fail. Ohio law is clear that by pleading guilty, a defendant admits to committing the offense as charged. *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575. In fact, a guilty plea is a complete admission of the defendant's guilt, and also waives "any deficiency in the indictment." *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73.

{¶ 8} By pleading guilty, Coomer admitted to violating a protection order in violation of R.C. 2919.27(A)(1), which is a felony of the third degree according to R.C. 2919.27(B)(4) because the violation of the order occurred during the commission of a felony. By virtue of his plea, Coomer admitted to, and accepted full guilt for violating the terms of the protection order while committing a felony. Even if Coomer's assertion is true that the circumstances did not support a charge according to R.C. 2919.27(B)(4), he has waived any defect in the

indictment by pleading guilty to that charge. Therefore, the conviction and sentence for a felony, rather than a misdemeanor, was proper.

{¶ 9} Even if Coomer regretted pleading guilty, he could not have withdrawn his guilty plea absent a showing of manifest injustice, which did not occur in this case. Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11. A manifest injustice is defined as "a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. The finding of manifest injustice is an extremely high standard that is allowable only in extraordinary cases. *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 9.

{¶ 10} Coomer essentially argues that the state never presented evidence that he made threats during his intimidation of his wife. Coomer therefore asserts that absent any threat, the intimidation count should have been charged as a misdemeanor and could not serve as the predicate felony for the violation of a protection order during a felony charge. To support his contention, Coomer relies on a statement the trial court made during the sentencing hearing, where the trial court referenced Coomer's "attempt" to contact his wife to intimidate her, and that such attempt was not the "most egregious" because Coomer did not "directly try to contact" the wife. However, the trial court's passing statements during sentencing did not alter the intimidation charge from a felony to a misdemeanor.

{¶ 11} According to R.C. 2921.04(B), "No person, knowingly and by force or by

unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, or hinder * * *" the victim of the defendant's offense. A violation of R.C. 2921.04(B) is a felony of the third degree. The intimidation statute clearly anticipates an attempt to intimidate, and so long as an unlawful threat of harm to any person is made, a felony charge is warranted. The statute does not require the threat to be egregious, nor does it require anything more than an attempt on the defendant's part. As such, the trial court's statements do nothing to vitiate the validity of the charge as a felony.

{¶ 12} Coomer also points to statements made by his counsel during the sentencing hearing in which his attorney indicated to the trial court that the third party who was tasked with making the threat to Coomer's wife did not "recall any threats" when deposed by defense counsel. Coomer argues that this statement by his counsel proves that a manifest injustice occurred because the state did not have any evidence that threats occurred.

{¶ 13} However, Coomer neglects to quote other relevant portions of the sentencing transcript, which clearly indicate that the state had evidence that Coomer attempted to intimidate his wife by having a third party make threats to her. During the sentencing hearing, the state spoke at length setting forth the facts supporting the counts in the indictment, the context of the charges, as well as Coomer's extensive criminal history. At that time, the state described the communication it had with the third party who was to deliver Coomer's threats. The state indicated that the third party's "testimony" indicated that Coomer instructed him to have Coomer's wife contact defense counsel and "if she can get me less than five years in this case * * * her and * * * the daughter, will live. If I get more than five years, they're both dead." Despite Coomer's arguments that the state would have been unable to prove that he attempted to intimate his wife by threatening her life, as well as their daughter's life, the state had testimony from the third party who was tasked with delivering

the message to Coomer's wife that such threats were made.

**{¶ 14}** There is no indication in the record that Coomer would have been able to demonstrate a fundamental flaw in the proceedings that resulted in a miscarriage of justice. Nor is there any indication in the record that the state was unable to move forward with its case, or that the facts did not support the indictment alleging that Coomer attempted to intimidate his wife through threats.

**{¶ 15}** Having found that Coomer's arguments are barred by res judicata and that the trial court did not otherwise err in dismissing the motions, we overrule Coomer's assignment of error.

**{¶ 16}** Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.