[Cite as *State v. Logan*, 2019-Ohio-2316.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DURROUND LOGAN | : | Case No. 18CA88 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2018-CR-0302



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      June 10, 2019



APPEARANCES:

For Plaintiff-Appellee

JOSEPH C. SNYDER
38 South Park Street
Mansfield, OH  44902

For Defendant-Appellant

RANDALL E. FRY
10 West Newlon Place
Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Durround Logan, appeals his August 23, 2018 sentence by the Court of Common Pleas of Richland County, Ohio. Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 19, 2018, the Richland County Grand Jury indicted appellant on one count of possession of deadly weapon while under detention in violation of R.C. 2923.131, two counts of felonious assault, each with a repeat violent offender specification in violation of R.C. 2903.11 and 2941.149, and one count of tampering with evidence in violation of R.C. 2921.12. Said charges arose from the stabbing of a fellow inmate while appellant was in prison serving a life sentence.

{¶ 3} On August 23, 2018, appellant pled guilty to one of the felonious assault counts with the attendant specification. The remaining counts were dismissed. By judgment entry filed same date, the trial court sentenced appellant to eight years on the felonious assault count and one year on the specification, to be served consecutively to his life sentence.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT'S SENTENCE IN THIS CASE IS CONTRARY BY LAW."

I

{¶ 6}   In his sole assignment of error, appellant claims his sentence is contrary to law.  We disagree.

{¶ 7}   R.C. 2953.08 governs appeals based on felony sentencing guidelines. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.  Subsection (D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 8}   During the plea colloquy prior to appellant entering his plea, the following exchange occurred between the trial court and appellant (T. at 6-7):

THE COURT: So you could have up to 18 years in prison.  Do you understand the maximum sentence you could receive?

MR. LOGAN: Yes.

THE COURT: By pleading guilty, I will tell you the sentence you will actually receive is eight (8) years plus one (1) year on the repeat violent offender specification.  So that will be nine (9) years in prison and it will be consecutive to the time you are already serving.  Do you understand the sentence you will receive if you do plead guilty?

MR. LOGAN: Yes.

{¶ 9}   The prosecutor and defense counsel did not contest or object to the stated sentence.  Appellant pled guilty and the trial court sentenced him to the agreed sentence. The August 23, 2018 sentencing entry includes notification of postrelease control, findings

on consecutive sentencing, and states the trial court considered the factors set forth in R.C. 2929.11 (the principles and purposes of sentencing) and R.C. 2929.12 (the seriousness and recidivism factors).

{¶ 10} In his appellate brief at 7, appellant complains the trial court never mentioned the factors set forth in R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing.

{¶ 11} In *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Supreme Court of Ohio reviewed R.C. 2953.08(D)(1) in relation to an argument that the sentence imposed was not "authorized by law."  The court held at ¶ 20: "a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.  A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions."  The court went on to state the following at ¶ 22:

> Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.

{¶ 12} In this case, appellant agreed to the nine year consecutive sentence. The trial court imposed the agreed sentence. The sentence fell within the statutory range of available sentences and comports with all mandatory sentencing provisions (postrelease control, consecutive sentences), and thus was authorized by law.

{¶ 13} Upon review, we find appellant has waived his right to appeal pursuant to R.C. 2953.08(D)(1). *See State v. Barnett*, 5th Dist. Perry No. 12-CA-00010, 2013-Ohio-4936.

{¶ 14} The sole assignment of error is denied.

{¶ 15} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/db 63