[Cite as *State v. Back*, 2019-Ohio-3530.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28397 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4017 |
| | : | |
| JAMES BACK, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of August, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID C. GREER, Atty. Reg. No. 0009090, 6 North Main Street, Suite 400, Dayton, Ohio 45422 and JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} James Back, Jr. appeals from a May 8, 2019 judgment entry of conviction, following his no contest plea to one count of operating a vehicle while under the influence of alcohol and/or drugs ("OVI"). The trial court's judgment entry of conviction sentenced Back to "sixty (60) consecutive days in the Montgomery County Jail," with the sentence "to be served one day after the other without interruption." The court also imposed community control sanctions for a period not to exceed five years and suspended Back's driver's license for three years. We hereby affirm the judgment of the trial court.

{¶ 2} On December 10, 2018, Back was indicted on one count of OVI (three priors within 10 years) in violation of R.C. 4511.19(A)(1)(a)/4511.19(G)(1)(d), and one count of OVI in violation of R.C. 4511.19(A)(1)(f)/4511.19(G)(1)(d), both felonies of the fourth degree. Back pled not guilty on January 8, 2019, and on January 11, 2019, he filed a motion to suppress. Back subsequently filed an amended motion to suppress, but then withdrew his motion to suppress.

{¶ 3} On March 14, 2019, Back filed a memorandum asking the court to "impose an alternative sentence." Back argued as follows:

It is axiomatic that Ohio has an express statutory rule of construction requiring sections of its Revised Code defining criminal sanctions shall be strictly construed against the State, and liberally construed in favor of its accused. R.C. 2901.04(A).

Additionally,

Expressio unius est exclusio alterius is a "maxim of statutory interpretation meaning that the expression of one [thing] is the exclusion of

another."   Black's Law Dictionary (6 Ed. 1990) 581.   Defendant asserts that this maxim applies to limit what constitutes "sexually oriented entertainment activity" to those specific items enumerated in the definition of "specific sexual activity".   The Supreme Court of Ohio has long held that under the maxim of expressio [unius] exclusion alterius:

". . . if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exception[s] or effects are excluded".   Black's Law Dictionary (6 ED. 1990) 581.

* * *

In the instant case, not only does R.C. 2929.13([G])(1) not specifically state that the mandatory terms of local incarceration must be consecutive sixty days, but the sentencing court is additionally given the option to indicate that the term of incarceration can be ["]served in a jail, community based corrections facility, a halfway house, or an alternative residential facility."   Moreover, the term of local incarceration is "not subject to any [other Revised] Code provision that pertains to a prison term [except as provided in division (A)(1) of this section.]"

Accordingly, this Court it is respectfully submitted has the discretion to sentence the Defendant * * * to an in-patient residential hospital or treatment facility.   The Defendant would * * * accept such an alternative.

The State however [h]as indicated that instead of that option they prefer 20 consecutive weekends in jail.   That option while not preferable is of course acceptable to the Defendant.

Defendant contends that this Court has the authority and discretion not to put him in jail locally for sixty consecutive days without a break for work during the week. Defendant would request, accordingly a discretionary sentence to avoid the strictest interpretation.

{¶ 4} A plea hearing occurred on April 5, 2019, at which the following exchange occurred:

THE COURT: * * * [T]he Court's understanding of the plea agreement is the following. Mr. Back has been indicted on two counts of operating a vehicle under the influence. Count I is a Felony 4 which carries the mandatory incarceration of either 60 local days or 60 prison days. Count II is also a Felony 4 but that carries a mandatory 120 days local incarceration or 120 days prison.

The plea agreement is that Mr. Back will plead no contest to Count I. The prosecutor will dismiss Count II. It is agreed that at sentencing Mr. Back will be sentenced to the 60 mandatory days local incarceration. So the case would not be put on the prison route. It would be the local incarceration.

The Court will order a pre-sentence investigation report and [Back will] be placed also on community control sanctions. Conditions of probation will be determined in the pre-sentence investigation report.

Now, and the reason for the no contest plea is an issue of interpretation of law. And the question raised first by [Defense Counsel] Mr. Slyman and also in chambers that [Defense Counsel] Mr. Greer will

repeat into the record another argument that supports the position of Mr. Slyman.

Mr. Slyman, in his memorandum, * * * contends the Court with regard to the 60 mandatory days, the Court has the discretion of ordering those sentences not to be sentenced consecutively, day after day after day. The Court could split the mandatory days up so that perhaps - - to allow the defendant to work during the week and do the sentencing during the - - the mandatory days during the weekend. * * *

And there's an additional separate argument, Mr. Greer, if you would place into the record the other argument in support of Mr. Slyman's position.

MR. GREER: * * *

I'm really here on behalf of Mr. Back's employer.

* * *

MR. GREER: Happens to be his family. It's a place called High Tech Elastomers * * *.

As the family transitions from the current owners to their son, who is the defendant in this matter, he is the one who is the key customer contact. He's the one that's really in charge of the day-to-day operations. He knows this technology. He is an invaluable person which is the reason pragmatically why we desire this to have him serve his 60 days, which he has to serve, on weekends * * * permitting [him] to work during the week. That's the pragmatic argument.

The semantic argument is as follows: The word "consecutive" is not

defined in the OVI statute. Semantically, consecutive means this follows that. * * *

It's different from the word "contiguous" which means not only that this follows that but that this follows that immediately and touches upon it.

That would be the semantic argument for why there should be an appropriate sentence that would permit him to serve that sentence on the weekends rather than during what would otherwise be his work week.

I understand and appreciate the Court's contrary view.

There is a Franklin County case that I think Mr. Slyman has probably cited that already to the Court that permit[s] this kind of seriatum, a weekend serving the 60-day sentence.

{¶ 5} The court noted defense counsel's citation to R.C. 2901.04(A). The court then considered R.C. 2929.13, which provides sentencing guidelines for various specific offenses and degrees of offenses, noting that it is a "broad statute." The court considered the relevant portions of R.C. 2929.13(G)(1), which provide:

(G) * * * [I]f an offender is being sentenced for a fourth degree felony OVI offense * * *, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

(1) If the offender is being sentenced for a fourth degree felony OVI offense * * *, the court may impose upon the offender a mandatory term of local incarceration of sixty days * * * as specified in division (G)(1)(d) of section 4511.19 of the Revised Code. * * *

{¶ 6} The court noted that, in R.C. 2929.13(G)(1), "there's no use of the adjective 'consecutive' days. But it does say * * * mandatory term of local incarceration, 60 days, as specified in Section (G)(1)(d) of Section 4511.19, which is the actual OVI statute."

{¶ 7} The court next considered R.C. 4511.19(G)(1), which provides:

(G)(1) Whoever violates any provision of divisions (A)(1)(a) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol * * *. * * * The court shall sentence the offender * * * under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section * * *.

{¶ 8} The court concluded that the language "except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section" is "an important caveat. It says the Court sentences under 2913 [sic], * * *. But it says except as otherwise authorized or required by division (G)(1)(a) to (e) of this section."

{¶ 9} The court next considered R.C. 4511.19(G)(1)(d), which provides:

(d) * * * [A]n offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section * * * is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i) * * * [I]n the discretion of the court, * * * a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code * * *.

{¶ 10} At the end of the hearing, the court stated:

And so there is the word now "consecutive" days. And so

interpreting the statute liberally in favor of the defendant, strictly against the State, it is very clear to the Court that the legislature's intent is that the mandatory days be consecutive days.

Now, there is - - and I shared this with Mr. Slyman some weeks ago. The one case that I was able to find is from our Second Appellate District, *State v. May*, 2014 Ohio 1542, paragraph 23 of our Second District Court of Appeals in relevant part - - under Revised Code 4511.19(G)(1)(e)(i), the trial court is required to impose * * * and they have a number 1 or the number 2 - - a mandatory term of 60 consecutive days in accordance with 2929.13(G)(2).

So there is our Court of Appeals utilizing the adjective "consecutive" days and that the Court is required to impose 60 consecutive days. And so that's the position of the Second Appellate District.

Now, on the meaning of consecutive (indiscernible) checked with the Merriam [sic] dictionary definition and this is from the Merriam dictionary – "consecutive refers to things that are arranged or happen in sequential order."

And so it is something that happens in sequential order. So to me, Mr. Greer, 60 consecutive days means each day must sequentially follow the other, one after the other after the other. To me that's the meaning of "consecutive."

And I suppose the legislature could have more clearly stated that the 60 days - - I mean what is - - they could've simply said 60 mandatory days

and then in that situation there would be ambiguity, the 60 days could be parceled out in any way the Court wanted to do. But why did the legislature use "consecutive days" if not to do anything other than intend it will be served one day after the other day until all 60 days have been served. * * *

So I'm going to file a decision that for the reasons the Court placed into the record your position on the consecutive, mandatory days, is overruled. * * *

And so at the time of sentencing then, of course, you'll reiterate at the point of sentencing the objection to the Court's imposing 60 consecutive days, one after the other, and objecting to it being required to be served in jail.

But the court is going to suspend the execution of the sentence and Mr. Back will be permitted to remain on his current bond while this issue is then appealed to the Second District or beyond.

{¶ 11} On the same day as the hearing, the court issued a decision and entry restating its finding that it was required to impose a sentence of 60 days of local incarceration to "be served one after the other without interruption."

{¶ 12} On April 8, 2019, after a Crim.R. 11 colloquy, the court accepted Back's no contest plea. A sentencing hearing was set for May 2, 2019.

{¶ 13} On May 2, 2019, the State filed a motion to add conditions of bail. The State requested that bail be conditioned on Back prosecuting his appeal without delay and on his "abiding by the judgment and sentence of the court." On the same day, the court issued a decision and order setting appellate bond and suspending execution of the

sentence during the pendency of appeal.

**{¶ 14}** The judgment entry of conviction was filed on May 8, 2019. In addition to delineating the 60 days of consecutive service, the judgment stated that Back was sentenced under R.C. 4511.19(A)(1)(a) and that his sentence was stayed pending appeal.

**{¶ 15}** On appeal, Back asserts the following assignment of error:

THE DEFENDANT-APPELLANT (MR. BACK) CONTENDS THAT THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO HIM BY SENTENCING HIM TO A SIXTY-DAY JAIL SENTENCE TO BE SERVED ONE DAY AFTER THE OTHER WITHOUT INTERRUPTION.

**{¶ 16}** Back asserts that the only issue presented on appeal is "a legal, definitional issue," and that the outcome of the appeal depends on the meaning of the word "consecutive." Back relies on the Merriam-Webster Dictionary, which defines the meaning of "consecutive" as "following one after the other in order" and lists as synonyms the words "sequential" and "successive." Back further argues:

Among examples of the use of the word in sentences, [the dictionary] cites

the following examples:

● The team's winning streak has lasted for seven consecutive
games.
● The most recent missile test is the third successful intercept
in a row – after three consecutive failures in a row.
● The Huskies won when they were supposed to win and
never lost consecutive games.

None of these games occurred the day after the last game was won or lost.

None of those tests occurred on the day after the preceding test was

undertaken.

{¶ 17} Back also restates his argument that the word "contiguous," meaning "being in actual contact" or "touching or connected throughout in an unbroken sequence," is more akin to the trial court's interpretation of "consecutive." He concludes that Back's jail sentence did not have to be contiguous in order to be consecutive.

{¶ 18} Back asserts that "pragmatics," the law, and "semantics" support his position. He observes that an individual may have an alcohol problem and still effectively perform valuable services in his vocation or employment, and "that an individual who holds a responsible job may suffer an adverse impact on his financial obligations and that his employer may suffer an adverse impact on its business if the individual is removed from the workplace for an extended period" to serve a sentence. Back asserts that weekend service of his sentence "makes pragmatic sense."

{¶ 19} Back also argues that Ohio statutes and caselaw support his position. He argues as follows:

> * * * The phrase "a mandatory term of local incarceration of sixty consecutive days" appears in [R.C.] 4511.19(G)(1)(d)(i) * * * with respect to the sentence imposed on Mr. Back for a violation of [R.C.] 4511.19(A)(1)(a) * * *." It is expressly qualified by the phrase "in accordance with division (G)(1) of section 2929.13 of the Revised Code." That referenced and incorporated section specifies "a mandatory term of local incarceration of sixty days." The significant word "consecutive" does not appear in that section despite the directive that Mr. Back's sentence be imposed "in accordance with that section."

**{¶ 20}** Back asserts that there is an "obvious conflict" between the phrase "sixty consecutive days" in Chapter 45 and the phrase "sixty days" in Chapter 29. Back argues that *State v. May,* 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, did not address "the definitional issue" presented by his case; "[t]here was no question presented as to whether May's sentence was to be on a day-to-day basis without any gaps between consecutive days." Back asserts that at issue in *May* "was whether May's five-year sentence imposed under [R.C.] 4511[.19](G)(e)(i) [sic] * * * should be reduced to the maximum aggregate sentence of thirty-six months provided by [R.C.] 2929.13(A) and 2929.14(B)(4)." Back asserts that this court "noted the 'irreconcilable conflict' between the statutes, noted that the Chapter 2929 sections were more recently enacted, and held that 'the recent changes and more lenient provisions in R.C. Chapter 2929 must prevail.' "

**{¶ 21}** Back asserts that *May* supports his position without regard to any dispute about in the definition of "consecutive," because the "critical" word "consecutive" "appears in Chapter 45, but not in the 'more recent and more lenient' provisions of Chapter 29." *May* at ¶ 29. According to Back, this interpretation is further supported by "the Chapter 45 express provision that sentencing be imposed in accord with a statute that does not require a sentence of 'consecutive' days." Since "the word 'consecutive' is omitted in the controlling statute," Back argues that it should be deemed excluded under "the long-established and still honored maxim of '*expressio unius est exclusio alterius.*' "

**{¶ 22}** Back notes that the definition section of the OVI laws, R.C. 4511.181, does not define "consecutive." He notes that "not only is Chapter 29[29] silent on whether a mandatory term of local confinement must be sixty 'consecutive' days," it also gives a sentencing judge the option to decide where that incarceration should be served (i.e., a

jail, a community-based correctional facility, a half-way house, or an alternative residential facility). Back asserts that R.C. 2929.13(G)(1) provides that the term of incarceration imposed under that section "is 'not subject to any Revised Code provision that pertains to a prison term * * *." Back also reiterates his position that any ambiguity about the analysis of statutory terms must be resolved in his favor, citing R.C. 2901.04(A). Back states that he "would be delighted" to serve his 60-day sentence "in an alternative residential facility with work release conditions" and that "the demands of justice" would not be "disserved" by such a sentence.

{¶ 23} Back notes that the "only case law discovered on the subject" is *State v. Gamble*, Franklin C.P. No. 14 CR 4954 (Apr. 20, 2015), an OVI case in which the defendant was sentenced to serve 20 consecutive weekends at the Franklin County Corrections Center. Back asserts that, other "than the decision from which this appeal was taken, there appear to be no authorities disputing the pragmatic, semantic conclusion that weekend days running in order month by month are in fact 'consecutive days.' "

{¶ 24} Back requests that the matter be remanded for the trial court to modify its judgment to provide that his jail sentence would be served "on the consecutive days of consecutive weekends without interruption," beginning 30 days after the filing of this court's judgment entry, and that "[t]here should also be no impediment to providing that such a sentence be carried out through electronic home monitoring * * *."

{¶ 25} In response, the State argues that the trial court correctly interpreted the statute using the plain meaning of the term "consecutive" and imposed the sentence in consecutive days as required by statute. The State also asserts that R.C. 2953.08(D)(1) precludes this court's review of the sentence, because the sentence the judge imposed

was jointly recommended by the parties and authorized by law. The State cites *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, in support of its argument that the sentence is not reviewable on appeal. According to the State, Back entered into a negotiated plea agreement which included an agreed 60-day sentence of local incarceration, he does not object to the length of the sentence, only how it is imposed, and because the sentence was agreed upon, it cannot be challenged on appeal.

{¶ 26} In the alternative, the State argues that, even if Back's appeal is not barred by R.C. 2953.08(D)(1), it is without merit. The State argues that, although the word " 'contiguous' does not appear in any definition for 'consecutive,' " the two words are "not mutually exclusive." The State argues:

> While the singular term "consecutive" is not legally defined, it is defined as part of the legal phrase of "consecutive sentences." Black's Law Dictionary defines consecutive sentences as: "two or more sentences of jail time to be served in sequence." Black's Law Dictionary (11th Ed. 2019). This case does not involve two separate sentences, but the use of the words "in sequence" is important, as it shows that, generally speaking, "consecutive" means one after another or close in proximity when used in a legal context. A "sequence" is defined as a "continuous or connected series[.]" *Merriam-Webster's Collegiate Dictionary 10 Edition* (1994). In this case, the sequence intended by the statute is "consecutive days."

{¶ 27} Regarding Back's argument that, because R.C. 2929.13 does not contain the word "consecutive," the use of "consecutive" in R.C. 4511.19(G)(1)(d) creates a conflict, the State asserts that, "because R.C. 2929.13(G)(1) also states that the sentence

is to be imposed 'as specified in division (G)(1)(d) of section 4511.19[,]' the use of the word 'consecutive' is controlling." The State asserts that R.C. 4511.19 is controlling and there is no conflict between the lang uage of the statutes. The State argues that the trial court's decision that the sentence must be "served all at once" is "supported through the language in the statute of 'consecutive days.' " According to the State, Back's argument about the various uses of the word "consecutive" does not take in to account that, in R.C. 4511.19, the legislature specifically put the word 'days' after 'consecutive.' " The State argues that this "gives more weight to the assertion that the legislature intended the sentence to be served all at once, or in other words, through consecutive days, not weekends."

{¶ 28} The State asserts that *May* is distinguishable, because the length of the sentence in this case is not at issue, only how it is required to be served. According to the State, "R.C. 2929.13(G)(1) does not require a sentence be served on weekends or any other pattern, only that the sixty days be served. However, R.C. 4511.19(G)(1)(d) does require the sentence to be served through 'consecutive days,' which is different language but does not create a conflict or an impermissible sentence."

{¶ 29} Finally, the State asserts:

Regardless of the minute definition of "consecutive," the trial court correctly ruled that Back would serve his sentence in sixty consecutive days. Back has presented no argument stating that the court could not impose the sentence, only how it should be imposed based upon his argument concerning the use of "consecutive" within the two statutes. The plain language of the statute reads that the 60-day sentence must be served

in consecutive days, and therefore the trial court did not err in denying Back's request that the sentence be served on consecutive weekends.

**{¶ 30}** In reply, after noting that "the legal issue as to sentencing was expressly preserved by" the trial court in his judgment entry of conviction, Back argues:

This Court thus needs to address the sentencing issue which has now been briefed by both sides. The Prosecutor is in part correct when he labels the issue of statutory interpretation as "semantic." Lawyers and judges deal with words, and all issues involving the interpretation of words are semantic. Aside from dictionary definitions, two points are critical. First, the interpretation of a criminal statute requires construction against the State and in favor of the accused. Second, the trial court did not impose the day-by-day sentence as a matter of discretion. That sentence was imposed because the trial court construed the statute as mandating its imposition in that manner. The trial court respectfully honored the Defendant's argument by deferring it for resolution by this Court.

**{¶ 31}** Back filed a notice of additional authority on August 19, 2019.

**{¶ 32}** We agree with Back that the issue of the interpretation of the statutes at issue was expressly preserved for our review. "Because general principles of statutory construction apply in this case and a question of law is at issue, we will conduct a de novo review. * * *." *Dayton v. Fraternal Order of Police*, 2d Dist. Montgomery No. 21307, 2006-Ohio-3854, ¶ 15.

**{¶ 33}** As noted by the trial court, R.C. 2929.13 is a broad statute governing sentencing guidelines for various specific offenses and degrees of offenses. Its relevant

provisions in their entirety provide as follows:

(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.

* * *

(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

(1) If the offender is being sentenced for a fourth degree felony OVI offense and if the offender has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code, the court may impose upon the offender a mandatory term of local incarceration of sixty days or one hundred twenty days *as specified in division (G)(1)(d) of section 4511.19 of the Revised Code*. The court shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or

an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to any other Revised Code provision that pertains to a prison term except as provided in division (A)(1) of this section.

(Emphasis added.)

{¶ 34} The OVI statute, R.C. 4511.19, provides:

(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, *except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section*:

* * *

(d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses * * * is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i) If the sentence is being imposed for a violation of division (A)(1)(a) * * * of this section, * * * in the discretion of the court, either a mandatory term of local incarceration of sixty *consecutive* days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory

prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. * * *

(Emphasis added.)

{¶ 35} We have reviewed the Merriam-Webster definition of "consecutive" as cited by the trial court, and we agree with the court's interpretation of the statutory term. Merriam-Webster Dictionary, "consecutive," www.merriam-webster.com/dictionary/ consecutive (accessed Aug. 21, 2019). In addition to that definition, the dictionary provides the following synonyms: "back-to-back, sequent, sequential, straight, succeeding, successional, successive," as well as the following antonyms: "inconsecutive, inconsequent, nonconsecutive, nonsequential," all of which further support the court's interpretation. *Id.*

{¶ 36} We do not agree, as Back asserts, that there is "an obvious conflict" between the phrase "sixty consecutive days" in R.C. 4511.19 and the phrase "sixty days" in R.C. 2929.13. Reading the statutes in pari materia, we conclude that the phrase in R.C. 2929.13(G)(1), "as specified in division(G)(1)(d) of section 4511.19 of the Revised Code," refers to the consecutive 60-day service in R.C. 4511.19(G)(1)(d)(i). We further conclude that the phrase in R.C. 4511.19(G)(1)(d)(i), "in accordance with division (G)(1)

of section 2929.13 of the Revised Code," refers to the requirement in R.C. 2929.13(G)(1) that the court "specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility * * *." Back's semantic and pragmatic arguments cannot overcome the "important caveat" in R.C. 4511.19(G)(1) and the plain language of R.C. 4511.19(G)(1)(d)(i), and we agree with the trial court that it was accordingly "*required* to impose a sentence of a term of local incarceration of sixty *consecutive* days * * * and that specifically, the sixty days must be served one after the other without interruption." (Emphasis added.)

{¶ 37} Finally, we are not persuaded by Back's citation to *State v. Gamble*, Franklin C.P. No. 14 CR 4954 (Apr. 20, 2015). The *Gamble* case consists merely of a judgment entry wherein a trial judge imposed 20 consecutive weekends. There is no analysis of the "sixty consecutive days" language in R.C. 4511.19(G)(1)(d)(i) in the trial court's judgment entry, and the trial court's authority to impose such a sentence was not reviewed by the Tenth District Court of Appeals. It is without precedential value to this Court.

{¶ 38} For the foregoing reasons, Back's assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
David C. Greer

Jeffrey D. Slyman
Hon. Mary E. Montgomery