Lanzinger, J.
{¶ 1} This case presents us with the question of whether R.C. 2953.08(D)(1)[1] precludes an appeal of a jointly recommended sentence when that sentence includes multiple counts of allied offenses of similar import. Because we con- *366 elude that such a sentence is not authorized by law, and is therefore appealable, we affirm.
Case Background
{¶ 2} Richard Underwood, the appellee, was originally indicted on August 1, 2006, on one count of aggravated theft, a felony of the third degree, and two counts of theft, felonies of the fifth degree. A supplemental indictment, identified as the “B” indictment, was returned on January 16, 2007, for another count of aggravated theft, also a felony of the third degree. Underwood, therefore, faced a total of four counts.
{¶ 3} The third-degree felony charges in count one and the “B” indictment cover events occurring in 2005 when Underwood did not fulfill his agreements to build or remodel homes and retained the victims’ downpayments totaling more than $100,000. Count one alleged aggravated theft by deception, a violation of R.C. 2913.02(A)(3). The “B” indictment charged aggravated theft by exerting control over the property beyond the scope of the victims’ consent, a violation of R.C. 2913.02(A)(2). Similarly, counts two and three of the August 2006 indictment charged Underwood with theft from his employer of more than $500 on March 3, 2003. As with the third-degree felony counts, one fifth-degree felony theft count alleged theft beyond the scope of the owner’s consent, while the other alleged theft by deception. Thus, although Underwood faced four separate counts, they relate to only two acts: theft of over $100,000 from the same victims and theft of over $500 from his employer.
{¶ 4} On the day of trial, Underwood entered pleas of no contest to the four counts. Although the plea documents did not mention any sentencing agreement, Underwood acknowledged that he had agreed to a sentencing bargain: If he paid $40,000 in restitution before his sentencing, he would either serve local incarceration as part of a term of community control or serve a prison term of no more than two years, with the state not opposing judicial release. If he failed to pay $40,000 in restitution before sentencing, he would lose the option of community control and would be sentenced to a prison term not to exceed two years.
{¶ 5} Before the sentencing hearing was held, the state filed a sentencing recommendation asking that Underwood be ordered to pay $112,488.34 in restitution and be sentenced to serve a minimum of two years in prison.[2] The state also noted, “The two counts in each of the different categories of thefts would be *367 considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts.”
{¶ 6} Underwood admitted at his sentencing hearing that he had not paid any restitution. The trial court then sentenced him to a prison term of one year on count one, six months each on counts two and three, and two years on the sole count in the “B” indictment. The court ordered all sentences to be served concurrently for an aggregate sentence of two years.[3] Although the sentencing recommendation had referred to them, there was no discussion of allied offenses at the hearing.
{¶ 7} On appeal, appointed counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting that there were no meritorious issues to argue. The Second District Court of Appeals, in its independent review, identified and ordered briefing on whether the trial court had violated R.C. 2941.25(A) by imposing a sentence on each of the four counts for which Underwood was found guilty. In his supplementary brief, Underwood argued that the trial court had committed plain error by imposing multiple sentences for allied offenses of similar import and that he had received ineffective assistance of counsel because his attorney had failed to object to a sentence that contained multiple sentences for allied offenses of similar import. The state responded that Underwood had waived any claim of error with regard to allied offenses and that his sentence was not reviewable on appeal because it was imposed pursuant to a plea agreement, which included a sentence jointly recommended by the parties. The state also argued that Underwood did not suffer any prejudice because the trial court had imposed concurrent sentences and did not, therefore, commit plain error.
{¶ 8} The court of appeals determined that R.C. 2953.08(D)(1) did not bar review of Underwood’s sentence. State v. Underwood, 2d Dist. No. 22454, 2008-Ohio-4748, 2008 WL 4278145, ¶ 26. The court reasoned, “Because the required merger of convictions must precede any sentence the court imposes upon a conviction, [Underwood’s] agreement to the multiple sentences the court imposed could not waive his right to the prior merger that R.C. 2941.25 requires. Neither could his no contest pleas waive his right to challenge his multiple convictions on double jeopardy grounds.” Id. at ¶ 23. The court of appeals concluded that, in light of the state’s concession that the offenses were allied offenses of similar import, Underwood’s multiple sentences were not authorized by law. It therefore vacated the convictions for counts one and three. Id. at ¶ 30.
*368 {¶ 9} Upon the state’s motion, the Second District Court of Appeals certified its decision as being in conflict with decisions from the Third, Eighth, Tenth, and Twelfth District Courts of Appeals on the following issue: “Is an agreed and jointly recommended sentence ‘authorized by law’ under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied offenses of similar import?” We accepted the conflict and the state’s discretionary appeal. State v. Underwood, 120 Ohio St.3d 1484, 2009-Ohio-278, 900 N.E.2d 196, and 120 Ohio St.3d 1486, 2009-Ohio-278, 900 N.E.2d 197.
Legal Analysis
Appellate Rights — R.C. 2953.08
{¶ 10} A defendant’s right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):
{¶ 11} “In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
{¶ 12} “ * * *
{¶ 13} “(4) The sentence is contrary to law.”
{¶ 14} Subsection (D)(1) provides an exception to the defendant’s ability to appeal:
{¶ 15} “A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.”
{¶ 16} In other words, a sentence that is “contrary to law” is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.
{¶ 17} The parties do not contest the first two conditions but contest the third. Underwood acknowledges that his plea agreement provided that if he did not pay $40,000 in restitution before sentencing, he would not receive community control and instead would be sentenced to no more than two years in prison.[4] At the *369 sentencing hearing, the trial court confirmed that Underwood had not paid restitution and therefore did impose an aggregate two-year prison term.
{¶ 18} The state argues that R.C. 2953.08(D)(1) bars appellate review of sentences jointly recommended by the state and defendant even if the agreed sentence includes convictions for offenses that are allied offenses of similar import. The issue is whether Underwood’s sentence is “authorized by law.” If it is not, then R.C. 2953.08(D)(l)’s exception to appealability does not apply.
Authorized by Law — R.C. 2953.08(D)(1)
{¶ 19} We begin with the meaning of “authorized by law.” The term is not defined in R.C. 2953.08. Several courts of appeals have held that a sentence is authorized by law within the meaning of the statute simply if the sentence falls within the statutory range for the offense. State v. Sawyer, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 70; State v. Bristow (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 WL 84868, *3; State v. Jackson, 8th Dist. No. 86506, 2006-Ohio-3165, 2006 WL 1705133, ¶ 49; State v. Henderson (Sept. 27, 1999), 12th Dist. No. CA99-01-002, 1999 WL 761002, *2.
{¶ 20} We do not agree with such a narrow interpretation of “authorized by law.” Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. See, e.g., State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is “authorized by law” and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. See State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 (“Every judge has a duty to impose lawful sentences”).
{¶ 21} Underwood argues that the term “authorized by law” is simply the inverse of “contrary to law.” We do not agree, because the structure of R.C. 2953.08 distinguishes between these terms. Both the state and the defendant have an appeal as of right if a sentence is “contrary to law.” R.C. 2953.08(B)(2); R.C. 2953.08(A)(4). But a defendant has no right to appeal an agreed-upon *370 sentence unless the sentence is not “authorized by law.” R.C. 2953.08(D)(1). We conclude that when a sentence fails to include a mandatory provision, it may be appealed because such a sentence is “contrary to law” and is also not “authorized by law.”
{¶ 22} Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court’s discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.
Allied Offenses — R.C. 294-1.25
{¶ 23} Because a sentence is authorized by law only if it comports with all mandatory sentencing provisions, we must now determine whether the directive in R.C. 2941.25 contains such a provision. R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense. The statute states:
{¶ 24} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 25} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.”
{¶ 26} R.C. 2941.25(A) clearly provides that there may be only one conviction for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. See State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 43; State v. McGuire (1997), 80 Ohio St.3d 390, 399, 686 N.E.2d 1112. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant’s plea to multiple counts does not affect the court’s duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar *371 appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.
{¶ 27} We have acknowledged that “[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.” State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. However, Porterfield did not involve a mandatory sentencing provision, but merely the discretionary decision to impose consecutive sentences. Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct. For this reason, a trial court is required to merge allied offenses of similar import at sentencing. Thus, when the issue of allied offenses is before the court, the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses.
{¶ 28} The state complains that allowing a defendant to appeal in this situation will stifle the practice of plea bargaining and will threaten the finality and reliability of plea agreements. This concern appears overstated. It should be noted that currently, trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence. See State ex rel. Duran v. Kelsey, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.
{¶ 29} With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, we note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense. Nevertheless, if a trial court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence.
{¶ 30} In this case, the state acknowledged that count one of the August 2006 indictment and the sole count in indictment “B” were allied offenses of similar import and that counts two and three of the August 2006 indictment were also allied. Therefore, the trial court was required under R.C. 2941.25 to merge the sentences for convictions of only one count of aggravated theft and one count of theft.

*372
Plain Error

{¶ 31} Finally, the state argues that where a defendant is sentenced to a jointly recommended sentence pursuant to a plea agreement, the failure to merge convictions on allied offenses cannot be said to constitute plain error. We disagree. Under Crim.R. 52(B), “[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.” We have previously held that imposition of multiple sentences for allied offenses of similar import is plain error. State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102. Justice O’Donnell’s dissent focuses on the fact that Underwood received the benefit for which he bargained. It is argued that the court’s sentencing on each count had no practical or prejudicial effect on Underwood. After all, two years is two years. However, even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law. State v. Gibson, Cuyahoga App. No. 92275, 2009-Ohio-4984, 2009 WL 3043980, ¶ 29; State v. Coffey, Miami App. No. 2006 CA 6, 2007-Ohio-21, 2007 WL 29424, ¶ 14; State v. Thompson (July 23, 1999), Washington App. No. 98 CA 10, 1999 WL 552646, *7; State v. Gilmore, Hamilton App. Nos. C-070521 and C-070522, 2008-Ohio-3475, 2008 WL 2696873, ¶ 17.
{¶ 32} Justice Cupp’s dissent asserts that “Underwood’s agreement to the sentence here should be characterized as a specific waiver of the ability to challenge the sentence.” We have held that “ ‘courts indulge every reasonable presumption against waiver’ of fundamental constitutional rights and that we ‘do not presume acquiescence in the loss of fundamental rights.’ A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.” (Emphasis added.) State v. Adams (1989), 43 Ohio St.3d 67, 69, 538 N.E.2d 1025, quoting Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, quoting Aetna Ins. Co. v. Kennedy (1937), 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177, and Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio (1937), 301 U.S. 292, 307, 57 S.Ct. 724, 81 L.Ed. 1093. There is nothing in the record that demonstrates that Underwood was informed that he was agreeing to be convicted of allied offenses, thereby waiving his constitutional right to be free from double jeopardy.
Conclusion
{¶ 33} We hold that R.C. 2953.08(D)(1) does not bar appellate review of a sentence that has been jointly recommended by the parties and imposed by the court when the sentence includes multiple convictions for offenses that are allied offenses of similar import. We, therefore, answer the certified question in the negative and affirm the judgment of Court of Appeals for Montgomery County.
Judgment affirmed.
*373 Moyer, C.J., and Pfeifer and O’Connor, JJ., concur.
Lundberg Stratton, O’Donnell, and Cupp, JJ., dissent.

. The version of R.C. 2953.08(D) in effect at the time Underwood committed his offenses stated: “A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section.” Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5707, 5813. The first sentence, which is at issue in this case, was redesignated as (D)(1) by Am.Sub.H.B. No. 95 of the 126th General Assembly, effective August 3, 2006. For ease of discussion, we will refer to the current version of R.C. 2953.08.

. The state’s sentencing recommendation of “a minimum of two years’ incarceration” appears to violate the terms of the plea agreement, in which the state agreed to a sentence “not to exceed two years” if Underwood failed to pay any restitution before sentencing. Underwood did not raise this issue on appeal.

. The court, however, ordered the aggregate sentence to be served consecutively to a sentence from another case, which is not part of this appeal.

. At least one court of appeals has held that a plea agreement in which a defendant has agreed to be sentenced within a certain range, but not to a specific prison term, is not an agreed sentence for *369 purposes of R.C. 2953.08(D). See State v. Gray, 1st Dist. No. C-030132, 2003-Ohio-5837, 2003 WL 22459269, ¶ 9. That issue has not been raised in this ease.