THE STATE OF OHIO, APPELLEE, *v*. VON MINCY, APPELLANT.

[Cite as *State v. Von Mincy*, **124 Ohio St.3d 549, 2010-Ohio-924.**]

*Court of appeals' judgment reversed on the authority of State v. Underwood, and*
*cause remanded.*

(No. 2009-1439 — Submitted February 17, 2010 — Decided March 16, 2010.)

APPEAL from the Court of Appeals for Hamilton County, No. C-080369.

_____

**{¶ 1}** The judgment of the court of appeals is reversed on the authority of *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, and the cause is remanded to the court of appeals for further proceedings consistent with *State v. Underwood.*

MOYER, C.J., and PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

CUPP, J., dissents for the reasons stated in his dissenting opinion in *State v. Underwood.*

_____

**O'DONNELL, J., dissenting.**

**{¶ 2}** Respectfully, I dissent.

**{¶ 3}** I continue to adhere to the views expressed in my dissent in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, that a sentence in a criminal case is authorized by law if it is within the statutory range of penalties established by the General Assembly. Id. at ¶ 55 (O'Donnell, J., dissenting). Further, a sentence that is authorized by law, jointly recommended by the parties, and imposed by the court is not subject to review even if it includes convictions for allied offenses of similar import. Id. at ¶ 64 (O'Donnell, J., dissenting). According to R.C. 2953.08(D)(1), "[a] sentence imposed upon a

defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 4}  In this case, Errich Von Mincy pleaded guilty to one count of aggravated robbery, two counts of robbery, two counts of kidnapping, one count of failure to comply with an order of a police officer, and one count of having weapons under disability, along with firearm specifications.  The trial court imposed the jointly recommended aggregate 18-year sentence, and the court of appeals affirmed.  *State v. Von Mincy* (June 26, 2009), Hamilton App. No. C-080369.

{¶ 5}  Notwithstanding Von Mincy's agreement to an 18-year sentence, the majority reverses on the basis that the trial court's failure to merge allied offenses is appealable.  This conclusion is contrary to the plain language of R.C. 2953.08(D)(1).

{¶ 6}  Moreover, the remedy of merging the sentences for allied offenses is patently unfair to the state because it only reduces the agreed upon penalty and fails to address the negotiated plea.  Because the state is deprived of the sentence that it recommended, it ought to have the opportunity to renegotiate the plea agreement.  Both the plea and the sentence ought to be vacated in fairness to both parties.

{¶ 7}  The legislature never intended the allied-offenses statute, R.C. 2941.25(A), to apply as an exception to R.C. 2953.08(D)(1), which bars the appeal of a sentence that is authorized by law, jointly recommended by the parties, and imposed by the trial court.  Nor did it intend a criminal defendant to gain the benefit of a reduction in charges while also avoiding the agreed-upon penalty.  This result is illogical.

{¶ 8}  Because the majority has misinterpreted the manifest purpose of the legislature in enacting R.C. 2953.08(D)(1), I urge the General Assembly to

clarify its intent, to avoid the forthcoming appeals that will inevitably be generated by the court's decisions in this case and in *Underwood*.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Errich Von Mincy, pro se.

_____