[Cite as *State v. Whetstone*, 2022-Ohio-800.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellant,              :

                                                  No. 109671

         v.                                      :

TRAVON WHETSONE,                           :

    Defendant-Appellee.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646601-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender and Robert B. McCaleb, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, the state of Ohio, appeals the sentence imposed by the trial court upon appellee, Travon Whetstone. On March 26, 2020, the trial court

sentenced Whetstone to an aggregate five-year sentence for robbery but did not impose an indefinite sentence under the Reagan Tokes Law, as defined in R.C. 2901.011. In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (en banc), this court overruled the reasons that the trial court found the Reagan Tokes Law to be unconstitutional, and we vacated the judgment of the trial court.

{¶ 2} Travon Whetstone was charged with a 17-count indictment that included multiple charges of aggravated robbery, first-degree felonies, and robbery, second- and third-degree felonies as well as accompanying gun specifications occurring on or about November 29, 2019. On March 3, 2020, Whetstone entered into a plea agreement with the state of Ohio and pleaded guilty to one count of robbery with a three-year firearm specification, a felony of the second degree; one count of grand theft, a felony of the fourth degree; and two counts of robbery, felonies of the second degree. During the plea colloquy, the trial court advised Whetstone that he was subject to the Reagan Tokes Law and could receive an indefinite sentence.

{¶ 3} On March 25, 2020, the trial court held a sentencing hearing. At that hearing, the trial court held the Reagan Tokes Law to be unconstitutional and noted the state's objection. The trial court imposed an aggregate sentence of five years, consisting of three years on the gun specification consecutive to two-year concurrent sentences on the robbery charges. The trial court did not impose sentence on the charge of grand theft, determining that it was an allied offense to one count of robbery with the state electing to have sentence imposed on the robbery charge.

{¶ 4} Following the appeal in this sentence, the trial court issued a nunc pro tunc journal entry adopting an opinion from the Hamilton County Court of Common Pleas, *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061 (Nov. 20, 2019), which outlined reasons for finding the Reagan Tokes Law to be unconstitutional. In *Oneal*, the court held that the indefinite sentencing scheme enacted under the Reagan Tokes Law violates the constitutional doctrine providing for the separation of powers and that the administrative process that allows the Ohio Department of Rehabilitation and Correction ("ODRC") to keep an offender incarcerated past the stated minimum sentence deprives the offender of procedural due process.

{¶ 5} In this appeal, the state of Ohio alleges one assignment of error that reads, "The trial court erred in finding the indefinite sentence required under S.B. 201 to be unconstitutional." The Ohio Revised Code provides the state the right to appeal a sentence if it is contrary to law. R.C. 2953.08(B)(2). A sentence that fails to impose a mandatory provision is contrary to law. *E.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 6} In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (en banc), this court overruled the arguments underlying the trial court's finding that the Reagan Tokes Law is unconstitutional. Because the trial court did not impose sentence in accordance with the Reagan Tokes Law, we find the sentence to be contrary to law and sustain the state's assignment of error. We reverse the

sentence imposed by the trial court and remand this matter to the trial court for resentencing.

**{¶ 7}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.