[Cite as *State v. Boyd*, 2022-Ohio-1588.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110809 |
| v. | : | |
| JOHN BOYD, | : | |
| Defendant-Appellee. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 12, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642295-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant, the state of Ohio (the "state"), appeals from the sentence imposed by the trial court upon defendant-appellee, John Boyd ("Boyd"). The state raises the following assignment of error for review:

The trial court erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

{¶ 2} After careful review of the record and relevant case law, we reverse Boyd's sentence and remand to the trial court for resentencing in accordance with the Reagan Tokes Law.

## I. Procedural and Factual History

{¶ 3} In August 2019, Boyd was named in a ten-count indictment, charging him with aggravated burglary in violation of R.C. 2911.11(A)(1), with firearm and forfeiture specifications (Count 1); aggravated burglary in violation of R.C. 2911.11(A)(2), with firearm and forfeiture specifications (Count 2); felonious assault in violation of R.C. 2903.11(A)(2), with firearm and forfeiture specifications (Count 3); aggravated robbery in violation of R.C. 2911.01(A)(1), with firearm and forfeiture specifications (Count 4); grand theft in violation of R.C. 2913.02(A)(1), with firearm and forfeiture specifications (Count 5); having weapons while under disability in violation of R.C. 2923.13(A)(3), with a forfeiture specification (Count 6); improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification (Count 7); carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification (Count 8); petty theft in violation of R.C. 2913.02(A)(1), with a forfeiture specification (Count 9); and disrupting public services in violation of R.C. 2909.04(A)(3), with firearm and forfeiture specifications (Count 10).

{¶ 4} In July 2021, Boyd entered into a plea agreement with the state and pleaded guilty to burglary, a felony of the second degree, with a one-year firearm specification and a forfeiture specification, as amended in Count 1 of the indictment; attempted felonious assault, a felony of the third degree, with a forfeiture specification, as amended in Count 3 of the indictment; grand theft, a felony of the fourth degree, with a forfeiture specification, as amended in Count 5 of the indictment; having weapons while under disability, a felony of the third degree, with a forfeiture specification, as charged in Count 6 of the indictment; petty theft, a misdemeanor of the first degree, with a forfeiture specification, as charged in Count 9 of the indictment; and disrupting public service, a felony of the fourth degree, with a forfeiture specification, as amended in Count 10 of the indictment. The remaining counts and specifications were dismissed.

{¶ 5} At sentencing, the trial court imposed an aggregate five-year term of imprisonment. Relevant to this appeal, the court declined to impose a sentence on Boyd's second-degree felony offense in accordance with S.B. 201, the Reagan Tokes Law, stating:

> Since May of 2021, this court has not imposed Reagan Tokes. And the reason for that is because it has been found to be unconstitutional. The Eighth District Court of Appeals in State of Ohio versus Bradley Delvallie did in fact indicate * * * that it is, in fact, unconstitutional. Prior to that time, the court was imposing it. Since that time, the court has not imposed it. And so I want to make sure that everybody understands that.

(Tr. 63.)

{¶ 6} The state now appeals from the trial court's sentence.

## II. Law and Analysis

{¶ 7} In its sole assignment of error, the state argues that the trial court erred when it found the Reagan Tokes Law to be unconstitutional and did not impose an indefinite sentence on Boyd pursuant to the law. We agree.

{¶ 8} It is well settled that the Ohio Revised Code provides the state the right to appeal a sentence if it is contrary to law. R.C. 2953.08(B)(2). A sentence that fails to impose a mandatory provision is contrary to law. *E.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 9} The constitutionality of the Reagan Tokes Law was recently decided in this court's en banc opinion in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional." *Id.* ¶ 17. In accordance with this court's decision in *Delvallie*, we find the trial court was required to impose an indefinite sentence pursuant to S.B. 201. The trial court's failure to do so rendered Boyd's sentence contrary to law.

{¶ 10} The state's sole assignment of error is sustained.

{¶ 11} The trial court's judgment is reversed and the matter is remanded for resentencing in accordance with the provisions of the Reagan Tokes Law.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.