[Cite as *State v. Sharp*, 2022-Ohio-4204.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,             :

                           Nos. 111359 and 111360

    v.                                       :

MARTEZ SHARP,                              :

    Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 23, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-662312-A and CR-21-662313-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant, the state of Ohio, appeals from the judgments of conviction entered against defendant-appellee, Martez Sharp, wherein the trial court did not impose an indefinite sentence

pursuant to the Reagan Tokes Law. For the reasons that follow, we reverse and remand the cases to the trial court for resentencing.

{¶ 2} In Cuyahoga C.P. No. CR-21-662312, Sharp pleaded guilty to amended Count 1, aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and an accompanying one-year firearm specification; amended Count 6, felonious assault, in violation of R.C. 2903.11(A)(1), a second-degree felony; and Count 8, having weapons while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony. All other counts were nolled.

{¶ 3} In Cuyahoga C.P. No. CR-21-662313, Sharp pleaded guilty to amended Count 1, aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and an accompanying one-year firearm specification; and amended Count 5, having weapons while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony. All other counts were nolled.

{¶ 4} On March 8, 2022, the trial court sentenced Sharp on both cases but did not impose an indefinite sentence pursuant to the Reagan Tokes Law because it found the indefinite sentencing provisions of the law "to be unconstitutional." In both cases, the trial court imposed a total sentence of four years and ordered Sharp to serve those sentences concurrently.[1]

---

[1] Neither party has raised any issues as to the imposed sentence; therefore the validity of the individual sentences is beyond the scope of this appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27. We note, however, that there appears to be an ambiguity in the trial court's sentencing journal entries. The trial court stated that it was imposing a prison sentence "of *four* years" in both cases, but in ordering the

{¶ 5} The state now appeals both cases, contending in its sole assignment of error that the trial court erred when it found S.B. 201 (the Reagan Tokes Law) to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

{¶ 6} R.C. 2953.08(B)(2) provides the state the right to appeal a sentence if it is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *State v. McCalpine*, 8th Dist. Cuyahoga No. 110665, 2022-Ohio-842, ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 7} The Reagan Tokes Law provides that certain first- and second-degree felonies are qualifying offenses subject to an indefinite sentencing scheme. R.C. 2929.14. When imposing prison terms for offenders with qualifying offenses, sentencing courts are required to impose an indefinite sentence by imposing a stated minimum prison term as provided in R.C. 2929.14(A)(2)(a) and an accompanying maximum prison term as provided in R.C. 2929.14(B).

{¶ 8} Sharp pleaded guilty in CR-662312 to two qualifying felonies — aggravated robbery and felonious assault. In CR-662313, Sharp pleaded guilty to aggravated robbery, a qualifying felony. Accordingly, the law required the trial court to sentence Sharp to an indefinite sentence under R.C. 2929.14 on these qualifying offenses. The trial court, however, did not, finding the Reagan Tokes Law unconstitutional.

---

sentences on both cases to be served concurrently, the trial court stated: "[d]efendant serving an aggregate sentence of *five* years on cases CR-662312 and CR-662313."

{¶ 9} The state contends that the Reagan Tokes Law is constitutional, such that it does not violate (1) the Sixth Amendment right to a jury trial, (2) the doctrine of separation of powers, or (3) due process rights. We agree based on this district's en banc holding in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536. In *Delvallie*, this court rejected the constitutional challenges advanced against the constitutional validity of the Reagan Tokes Law. *Id*. at ¶ 17-54. Specifically, this court held that the Reagan Tokes Law did not violate a defendant's right to due process or to a jury trial afforded under the Sixth Amendment and that it did not violate the doctrine of separation of powers. *Id*.

{¶ 10} Accordingly, the state's appeal has merit and its assignment of error is sustained. The sentences imposed by the trial court are reversed, and the cases are remanded for resentencing in accordance with the Reagan Tokes Law.

{¶ 11} Judgments reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Cases remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR