[Cite as *State v. Howard*, 2023-Ohio-74.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                          :

    Plaintiff-Appellant,                     :

                                    No. 111496

    v.                                              :

ANTHONY E. HOWARD,                       :

    Defendant-Appellee.                      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657139-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant, the state of Ohio ("the state") appeals from the sentence imposed by the trial court upon defendant-appellee Anthony E. Howard ("Howard"). The state raises a single assignment of error for our review:

The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

After careful review of the record and relevant case law, we reverse Howard's sentence and remand to the trial court for resentencing in accordance with S.B. 201, the Reagan Tokes Law.

**Factual and Procedural History**

{¶ 2} On April 13, 2021, a Cuyahoga County Grand Jury indicted Howard on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b), one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(a), and one count of failure to comply in violation of R.C. 2921.331(B). All six counts carried a furthermore specification.

{¶ 3} Howard initially pleaded not guilty to the charges. On April 4, 2022, Howard pleaded guilty to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of driving while under the influence. The remaining charges were dismissed.

{¶ 4} On May 3, 2022, the court held a sentencing hearing. The court sentenced Howard to eight years on the aggravated vehicular homicide, eight years on the aggravated vehicular assault, and three years on the driving while under the influence charge. The court ordered the two eight-year sentences to be served

concurrently and the three-year term to be served consecutively, for an aggregate prison term of 11 years. Relevant to this appeal, the court declined to impose an indefinite sentence pursuant to the Reagan Tokes Law, stating:

> This Court has found that Reagan Tokes is unconstitutional, and I will not be sentencing according to Reagan Tokes, based upon recent activity in the Supreme Court and the fact that the matter is still up in flux.

The state appeals from the trial court's sentence.

**Legal Analysis**

{¶ 5} In its sole assignment of error, the state argues that the trial court erred when it found the Reagan Tokes Law to be unconstitutional and did not impose an indefinite sentence on Howard pursuant to the law. Because we are constrained to follow this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), we sustain the state's assignment of error.

{¶ 6} It is well settled that the Ohio Revised Code provides the state the right to appeal a sentence if it is contrary to law. R.C. 2953.08(B)(2). A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 7} The constitutionality of the Reagan Tokes Law was decided in this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), which found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional." *Id.* at ¶ 17. We are constrained to follow *Delvallie*, and therefore, in accordance with this court's decision in *Delvallie*, we find the trial court

was required to impose an indefinite sentence pursuant to S.B. 201. The trial court's failure to do so rendered Howard's sentence contrary to law. The state's sole assignment of error is sustained.

{¶ 8} The trial court's judgment is reversed and the matter is remanded for resentencing in accordance with the provisions of the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.