[Cite as *State v. Dotson*, 2023-Ohio-821.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 111880 |
| DAVID DOTSON, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 16, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669100-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Plaintiff-appellant state of Ohio ("the state") appeals from the trial court's judgment that found S.B. 201, the Reagan Tokes Law, unconstitutional and thus the trial court did not sentence defendant-appellee David Dotson accordingly.

Pursuant to this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 538 (8th Dist.), finding the Reagan Tokes Law constitutional, we reverse the trial court's judgment and remand the matter for resentencing.

{¶ 2} Dotson entered a guilty plea to felonious assault and having weapons while under disability. The trial court sentenced Dotson to a definite sentence of three years for felonious assault to run concurrent to 24 months for having weapons while under disability. The trial court's journal entry noted that the "court determined the provisions of S.B. 201 to be unconstitutional as to Count 1" (felonious assault).

{¶ 3} The state timely appealed, assigning a single error for our review: "The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201."

{¶ 4} Pursuant to R.C. 2953.08(B)(2), the state has the right to appeal a sentence that is contrary to law. "A sentence that fails to impose a mandatory provision is contrary to law." *State v. Potter*, 8th Dist. Cuyahoga No. 111782, 2023-Ohio-534, ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. In *Delvallie*, this court held that the Reagan Tokes Law is constitutional and overruled the same arguments that Dotson has raised in his appeal. Dotson concedes as much in his brief but maintains that *Delvallie* was incorrectly decided.

**{¶ 5}** Because the trial court failed to impose an indefinite sentence on Dotson's qualifying offense in accordance with the Reagan Tokes Law, the sentence was contrary to law. The state's sole assignment of error is sustained.

**{¶ 6}** The trial court's judgment was contrary to law because it failed to sentence Dotson in accordance with the Reagan Tokes Law, which this court found constitutional in *Delvallie*. The trial court's judgment is reversed, and the matter is remanded for resentencing in accordance with the Reagan Tokes Law.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR