[Cite as *State v. Williamson*, 2023-Ohio-932.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | Nos. 111838 and 111839 |
| KEVIN WILLIAMSON, ET AL., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 23, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-658034-B and CR-21-658034-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant, the state of Ohio ("state"), challenges the sentence of codefendants-appellees, Kevin Williamson

("Williamson") and Ryan Glass ("Glass") (collectively "codefendants").[1] The state contends that the trial court did not impose the required indefinite sentence as required under S.B. 201, the Reagan Tokes Law ("Tokes Law"). The state asks us to reverse Williamson's and Glass's sentences and remand to the trial court to impose a sentence in accordance with the Tokes Law. For the reasons set forth below, we reverse each codefendant's respective sentence and remand to the trial court for resentencing in accordance with the Tokes Law.

## I. Facts and Procedural History

{¶ 2} In April 2021, Williamson, Glass, and Christina Brady ("Brady") were charged in a 20-count indictment.[2] Each of the three codefendants were charged in Counts 1-13. Counts 1-3 charged them with aggravated burglary. Counts 4-5 charged them with burglary.[3] Counts 6-8 charged them with felonious assault. Counts 9-10 charged them with abduction. Counts 11-13 charged them with theft. Count 14 charged Williamson and Glass with tampering with evidence. Counts 15-16, and 19 charged Williamson with drug possession. Counts 17-18 charged Glass with drug possession. Count 20 charged Brady with drug possession.

{¶ 3} Relevant to this appeal, in July 2022, Williamson and Glass entered into a plea agreement with the state. Williamson pled guilty to an amended count of burglary with a one-year firearm specification (Count 4); abduction (Count 9);

---

[1] *State v. Williamson*, 8th Dist. Cuyahoga No. 111838 and *State v. Glass*, 8th Dist. Cuyahoga No. 111839 have been consolidated for briefing, hearing, and disposition.
[2] Brady has not filed an appeal as of the date of this decision.
[3] Each of Counts 1-5 carried one- and three-year firearm specifications.

theft (Count 12); and aggravated theft (Count 13). The remaining counts were nolled. Likewise, Glass pled guilty to an amended count of burglary with a one-year firearm specification (Count 4); abduction (Count 9); theft (Count 12); and aggravated theft (Count 13. The remaining counts were nolled.

{¶ 4} The matter proceeded to sentencing in August 2022. The trial court sentenced Williamson to the following term:

Count 4: 1 year mandatory term for firearm specification

Count 4: 2 years (underlying charge);

Count 9: 1 year;

Count 12: 1 year;

Count 13: 1 year;

The terms in Counts 4 (underlying charge), 9, 12, and 13 shall be served concurrently but after and consecutively to the 1 year mandatory term for the firearm specification in count 4 for a total prison term of 3 years.

(Judgment Entry, Aug. 10, 2022.)

{¶ 5} The trial court sentenced Glass to the following term:

Count 4: 1 year mandatory term for firearm specification

Count 4: 2 years (underlying charge)

Count 9: 1 year;

Count 12: 6 months;

Count 13: 6 months;

The terms in Counts 4 (underlying charge), 9, 12, and 13 shall be served concurrently but after and consecutively to the 1 year mandatory term for the firearm specification in count 4 for a total prison term of 3 years.

(Judgment Entry, Aug. 10, 2022.)

{¶ 6} The state now appeals, raising the following single assignment of error for review:

> **Assignment of Error:** The trial court plainly erred when [it] did not impose an indefinite sentence pursuant to S.B. 201.

## II. Law and Analysis

{¶ 7} The state argues the trial court erred by finding Tokes Law unconstitutional and not sentencing codefendants accordingly.[4]

{¶ 8} R.C. 2953.08(B)(2) provides the state with the right to appeal a sentence that is contrary to law. A sentence that fails to impose a mandatory provision "may be appealed because such a sentence is 'contrary to law'[.]" *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 9} In *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), this court, sitting en banc, held that the Tokes Law is constitutional in that it does not violate the separation-of-powers doctrine and does not violate either a defendant's right to a jury trial or due process of law.

{¶ 10} In the instant case, because the trial court failed to impose indefinite sentences on the codefendants' qualifying offenses in accordance with the Tokes Law, the sentences were contrary to law. R.C. 2953.08(G)(2)(b) provides we may vacate a sentence and remand for resentencing when a felony sentence is contrary to law. As a result, we reverse the trial court's sentence for Williamson and Glass

---

[4] We note that the codefendants did not file an appellate brief.

and remand for the trial court to sentence each codefendant in accordance with the Tokes Law.

{¶ 11} The sole assignment of error is sustained.

{¶ 12} Accordingly, judgment is reversed, and the matter is remanded for resentencing in accordance with the Tokes Law.

Costs are waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, see *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.