[Cite as *State v. Sims*, 2023-Ohio-4538.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                              No. 112598

    v.                                       :

MAYLON SIMS,                             :

    Defendant-Appellee.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-675237-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant, the state of Ohio ("the state"), appeals the trial court's journal entry sentencing appellee, Maylon Sims ("Sims"), to a definite prison term of four years, contrary to the provisions of the Reagan Tokes Law. After thoroughly

reviewing the facts of this case and the applicable law, we reverse and remand to the trial court for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} This matter involved the theft of a vehicle in which the victim's son, who was ten years old, was asleep in the backseat. The vehicle was stolen from Euclid and driven to East Cleveland, at which point the driver woke up the child and told him to get out of the vehicle. The child was dropped off at an elementary school around 8:30 p.m. He walked around and found someone to call the police for him and was eventually reunited with his mother.

{¶ 3} The vehicle was recovered the next day. The steering wheel was swabbed for DNA, which came back as belonging to Sims. The victim's phone was in the vehicle when it was stolen, and police were able to obtain cell phone tower information showing the location of the phone.

{¶ 4} Sims pled guilty to one count of attempted kidnapping, a felony of the second degree, in violation of R.C. 2905.01(B) and 2923.02; and one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A).

{¶ 5} The court imposed a definite four-year prison term for the attempted kidnapping offense and 18 months in prison for the grand theft charge, to run concurrently. It is undisputed that, pursuant to the Reagan Tokes Law, the trial court was required to impose an indefinite sentence for appellant's second-degree felony offense. The trial court, however, declared the Reagan Tokes Law unconstitutional, finding that it violated the right to trial by jury, the doctrine of

separation of powers, and the right to due process and declined to sentence Sims under it.

{¶ 6} The state then filed the instant appeal, raising one assignment of error for our review:

> The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

## II. Law and Analysis

{¶ 7} Pursuant to R.C. 2953.08(B)(2), the state has the right to appeal a sentence that is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 8} In its sole assignment of error, the state argues that the trial court plainly erred when it did not impose an indefinite sentence pursuant to S.B. 201. In response to the state's appeal, Sims argues that the trial court was correct in its determination that the Reagan Tokes Law is unconstitutional for the reasons stated above.

{¶ 9} In *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the Supreme Court of Ohio recently addressed similar arguments and found the Reagan Tokes Law to be constitutional.[1] The *Hacker* Court determined the law does not violate

---

[1] Sims acknowledges that the Supreme Court of Ohio determined in *Hacker* that indefinite sentences imposed pursuant to S.B. 201 are constitutional; however, he presents his arguments "for the purpose of issue preservation in the event that there is future litigation which could result in relief for Mr. Sims."

the separation-of-powers doctrine, the right to a jury trial, or the right to due process. *Id.* at ¶ 41. In light of this ruling, as well as the fact that Sims's arguments do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the *Hacker* Court, we sustain the state's sole assignment of error.

{¶ 10} Judgment reversed, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR