**[Cite as *State v. Morris*, 2025-Ohio-684.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No.   WD-24-038
                                                                              WD-24-039

        Appellee                                   Trial Court No. 2023 CR 0499
                                                                              2023 CR 0500

v.

Terry Lee Morris                              **DECISION AND JUDGMENT**

        Appellant                                  Decided: February 28, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, defendant-appellant, Terry L. Morris, appeals

the June 4, 2024 judgments of the Wood County Court of Common Pleas, convicting him

of two counts of theft and sentencing him to 12 months in prison on each count, to be

served concurrently. For the following reasons, we affirm the trial court judgments.

## I. Background

{¶ 2} On October 19, 2023, Terry L. Morris was indicted in two separate cases in connection with the theft of merchandise from a Lowe's Home Improvement store on August 21 and August 24, 2023. In each case, he was charged with one count of theft, a violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony. Morris and the State entered into a plea agreement, pursuant to which Morris agreed to enter a plea of guilty to both counts in exchange for the State's agreement to recommend a sentence of community control.

{¶ 3} Morris entered guilty pleas on April 17, 2024. The trial court accepted his pleas, ordered a presentence investigation report, and continued the matter for sentencing on June 3, 2024. In accordance with its agreement with Morris, the State recommended that Morris be sentenced to community control in each case, however, the trial court imposed a prison term of 12 months on each count, to be served concurrently. Morris appealed. He assigns the following error for our review:

> THE TRIAL COURT ERRED WHEN IT FAILED TO ENFORCE THE STATE'S PLEA AGREEME[N]T TO SENTENCE APPELLANT TO COMMUNITY CONTROL.

## II. Law and Analysis

{¶ 4} In his sole assignment of error, Morris argues that the trial court erred when it failed to follow the State's sentencing recommendation. He claims that the plea agreement provided no benefit to him because the State "was only bound to a promise that had no enforceability." He points out that upon being informed of his sentence, he

2.

immediately told the court that he wished to withdraw his plea. While the court instructed Morris that he would need to file a written motion, no motion was filed.

{¶ 5} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 6} Morris does not challenge his sentence on either of these bases. Rather, he maintains simply that the court erred in failing to follow the State's recommended sentence. The Ohio Supreme Court has recognized that a trial court is not bound by a jointly-recommended sentence. *State v. Underwood,* 2010-Ohio-1, ¶ 28. In *State ex rel. Duran v. Kelsey,* 2005-Ohio-3674, ¶ 6, it explained that "[a] trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." (Internal quotations and citations omitted.)

{¶ 7} Here, Morris signed a written plea agreement disclosing the maximum possible penalties for these offenses and indicating that he understood that any sentencing recommendations "are not binding on the Court and that no promises or guarantees as to

3.

sentence" were made. At the plea hearing, before accepting Morris's plea, the trial court informed him of the possible penalties, made clear that it was not required to follow the State's recommendation for community control, and explained that it was within the court's discretion to determine the appropriate sanction. Morris indicated that he understood. The trial court also explained why it concluded that community control sanctions would demean the seriousness of the offenses and why a prison sentence was consistent with the purposes and principles of felony sentencing:

> There are no factors that either increase or decrease the seriousness of the offenses. There are several factors, however, that indicate that recidivism is more likely. Those include that Mr. Morris was adjudicated a delinquent child. He has an extensive history of criminal convictions. He's not been rehabilitated to a satisfactory degree after being adjudicated, nor has he responded favorably to sanctions previously imposed for those convictions. He's demonstrated a pattern of drug and alcohol abuse that is related to the offense, offenses in both cases, and it appears that he's refused to acknowledge that he's demonstrated that pattern, or else you've refused treatment for both either drug or alcohol abuse. There are no factors that indicate that recidivism is unlikely. You did score high risk on the Ohio Risk Assessment System.

{¶ 8} Because Morris was informed of the possible penalties for the offenses and indicated—both orally and in writing—that he understood that the trial court was not bound to follow the State's sentencing recommendation, we find no error in the trial court's decision to impose a prison term rather than the jointly-recommended community-control sanctions. We find Morris's assignment of error not well-taken.

### III. Conclusion

{¶ 9} Morris signed a written plea agreement indicating that he understood that the State's sentencing recommendation was not binding on the court. Additionally, before

4.

accepting Morris's plea, the trial court informed him of the possible penalties, made clear that it was not required to follow the State's recommendation for community control, and explained that it was within the court's discretion to determine the appropriate sanction. Morris confirmed that he understood this, and the trial court explained in detail why it found that a prison term was the appropriate sanction here.  We affirm the June 4, 2024 judgments of the Wood County Court of Common Pleas.  Morris is ordered to pay the costs of this appeal under App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____
                                                       JUDGE

Christine E. Mayle, J.


Myron C. Duhart, J.           _____
CONCUR.                                          JUDGE


                                                    _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.