[Cite as *State v. McCarver*, 2022-Ohio-813.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110327 |
| v. | : | |
| ISIAH MCCARVER, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650126-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, the state of Ohio, appeals from the trial court's judgment imposing a definite sentence on defendant-appellee Isiah McCarver. The Reagan Tokes Law, as defined under R.C. 2901.011, went into effect on March 22, 2019, and

it required the trial court to impose an indefinite sentence for McCarver's offenses. In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court considered the constitutionality of the Reagan Tokes Law en banc and the majority of the court found the law to be constitutional. Accordingly, the judgment of the trial court is reversed and the matter is remanded for resentencing.

{¶ 2} On January 7, 2021, McCarver pleaded guilty to voluntary manslaughter, a first-degree felony; two counts of felonious assault, a second-degree felony; and discharge of firearm on or near prohibited premises. Pursuant to the Reagan Tokes Law, the trial court should have imposed indefinite prison terms for these offenses. However, at the sentencing hearing, the trial court found the Reagan Tokes Law to be unconstitutional and instead sentenced McCarver to definite prison terms for his offenses for an aggregate sentence of ten years.

{¶ 3} The state objected to McCarver's definite sentence and now appeals from the trial court's judgment, arguing the trial court erred when it found the Reagan Tokes Law to be unconstitutional.

{¶ 4} R.C. 2953.08(B)(2) provides prosecutors with an appeal as a matter of right in felony cases on grounds that the sentence is contrary to law. *See also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. ("Both the state and the defendant have an appeal as of right if a sentence is 'contrary to law.'").

{¶ 5} On appeal, the state raises one assignment of error and argues the trial court erred in finding the Reagan Tokes Law unconstitutional. McCarver

argues the trial court was correct in finding the Reagan Tokes Law unconstitutional because the law violates a defendant's right to a jury trial, due process, and separation of powers. Pursuant to *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the trial court's sentence is contrary to law. We therefore reverse the trial court's judgment and remand the matter to the trial court for resentencing consistent with the provisions of the Reagan Tokes Law.

{¶ 6} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).