[Cite as *State v. Hawkins*, 2022-Ohio-2957.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 111127 |
| v. | : | |
| MIGUEL L. HAWKINS, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 25, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654239-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Johnathan Sidney, Assistant Public Defender, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant state of Ohio appeals the trial court's imposition of a definite sentence in this case contrary to S.B. 201, the Reagan Tokes Law. For the

reasons that follow, the judgment of the trial court is reversed and the matter is remanded for resentencing.

{¶ 2} On December 2, 2020, defendant-appellee Miguel L. Hawkins ("Hawkins") was indicted for trafficking cocaine in an amount that exceeds 20 grams but is less than 27 grams, a felony of the second degree; possession of drugs, cocaine greater than 20 grams but less than 27 grams, a felony of the second degree; possession of drugs, methamphetamine as a felony of the fifth degree; and possession of criminal tools, a felony of the fifth degree. All counts included forfeiture specifications for a cell phone and money associated with the case.

{¶ 3} On October 13, 2021, Hawkins entered a guilty plea to the felony two drug possession charge with the forfeiture specifications. The state dismissed the remaining charges. Hawkins was sentenced on November 15, 2021. The trial court's sentencing entry noted, "The court determines that the indefinite minimum sentencing provisions of SB201 are unconstitutional. State objects. Court overrules State objections." The trial court then sentenced Hawkins to four years of imprisionment, mandatory time.

{¶ 4} The state now appeals assigning this sole assignment of error for our review.

## Assignment of Error

The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

**{¶ 5}** The state argues that the trial court's sentence must be reversed because it is contrary to law. R.C. 2953.08(B)(2) gives prosecutors the right to appeal a felony sentence as a matter of right when that sentence is contrary to law. *State v. McCarver*, 8th Dist. Cuyahoga No. 110327, 2022-Ohio-813, ¶ 4.

**{¶ 6}** Hawkins disagrees, arguing that the trial court was correct in finding that the Reagan Tokes Law is unconstitutional. Hawkins argues that the law violates the right to trial by jury, violates the separation-of-powers doctrine, and violates due process. However, this court has already addressed these challenges to the Reagan Tokes Law.

**{¶ 7}** A majority of this court, sitting en banc, found the Reagan Tokes Law to be constitutional. *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Accordingly, the state's sole assignment of error is sustained.

**{¶ 8}** Judgment reversed and remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.