[Cite as *State v. Lovelace*, 2022-Ohio-4514.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 111510 |
| v. | : | |
| LINELL LOVELACE, III, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637646-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a judgment of the trial court that found S.B. 201, the Reagan Tokes Law, unconstitutional and did not sentence defendant-appellee Linell Lovelace, III, to an indefinite sentence as

required by the law. This court has determined the Regan Tokes Law to be constitutional in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 538 (8th Dist.) (en banc). Accordingly, we reverse the trial court's judgment and remand the matter for resentencing.

{¶ 2} Lovelace pleaded guilty to endangering children, a felony of the second degree; three counts of domestic violence, a misdemeanor of the first degree, and criminal damaging or endangering, a misdemeanor of the second degree. Pursuant to the Reagan Tokes Law, the trial court was required to impose an indefinite sentence for Lovelace's second-degree felony offense of endangering children. However, at the sentencing hearing, the trial court stated that, despite this court's decision in *Delvallie*, 2022-Ohio-470, 185 N.E. 3d 538, it found S.B. 201 to be unconstitutional and, over the state's objection, imposed a definite term of two years for that offense. In its sentencing journal entry, the court stated, "Court determines the indefinite minimum provisions of SB 201 to be unconstitutional."

{¶ 3} On appeal, the state contends that "[t]he trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201."

{¶ 4} Pursuant to R.C. 2953.08(B)(2), the state has the right to appeal a sentence that is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

**{¶ 5}** In *Delvallie*, 2022-Ohio-470, 185 N.E.3d 538, this court, in an en banc decision, found the Reagan Tokes Law constitutional and overruled the same arguments raised by Lovelace in this appeal. In his appellee brief, Lovelace essentially asks us to reconsider *Delvallie*. We are bound by our precedent, however. Because the trial court failed to impose an indefinite sentence on Lovelace's endangering children offense in accordance with the Regan Tokes Law, the sentence was contrary to law. The state's sole assignment of error is sustained. The trial court's judgment is reversed, and the matter is remanded for resentencing in accordance with the provisions of the Reagan Tokes Law.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Anita Laster Mays joined the dissent in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional. For a full explanation of her analysis, *see Delvallie* (Laster Mays, J., concurring in part and dissenting in part).