[Cite as *State v. Potter*, 2023-Ohio-534.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                             No. 111782

    v.                                        :

JULIUS POTTER,                          :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 23, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667757-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Plaintiff-appellant state of Ohio ("the state") appeals from a judgment of the trial court that found S.B. 201, the Reagan Tokes Law, unconstitutional and did not sentence defendant-appellee Julius Potter accordingly. Pursuant to this

court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 538 (8th Dist.), finding the Reagan Tokes Law constitutional, we reverse the trial court's judgment and remand the matter for resentencing.

## I. Factual and Procedural History

{¶ 2} Potter entered a guilty plea to felonious assault with firearm specifications, having weapons while under disability, and resisting arrest. Potter was sentenced to prison for a total term of five years. Pertinently, the trial court's journal entry noted that the "court determines the indefinite provisions of SB201 to be unconstitutional."

{¶ 3} The state timely appealed, assigning a single error for our review:

> The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

## II. Law and Analysis

{¶ 4} Pursuant to R.C. 2953.08(B)(2), the state has the right to appeal a sentence that is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 5} This court, in *Delvallie*, 2022-Ohio-470, 185 N.E.3d 538, held that the Reagan Tokes Law was constitutional and overruled all of the arguments raised by Potter in this appeal, as Potter concedes in his brief. Because the trial court failed to impose indefinite sentences on Potter's two qualifying offenses in accordance with the Reagan Tokes Law, the sentence was contrary to law.

{¶ 6} The state's sole assignment of error is sustained.

### III. Conclusion

{¶ 7} The trial court's judgment was contrary to law because it failed to sentence Potter in accordance with the Reagan Tokes Law, which this court found constitutional in *Delvallie*. The trial court's judgment is reversed, and the matter is remanded for resentencing in accordance with the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR